IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ASHLEY TITUS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STANTON COUNTY, NEBRASKA,<br>and MICHAEL UNGER, Individually<br>and as Stanton County Sheriff,<br><br>　　　　　Defendants. | 8:12CV261<br><br>ORDER |

　　　This matter is before the court on the defendants' Motion to Determine Plaintiff's Objections to Defendants' First Request for Admissions for Sufficiency (Filing No. 34). The defendants filed a brief (Filing No. 36) and an index of evidence (Filing No. 35) in support of the motion. The plaintiff filed a Resistance[1] (Filing No. 37), a brief (Filing No. 39), and an index of evidence (Filing No. 41) in opposition to the motion. The defendants filed a brief (Filing No. 42) in reply.

### BACKGROUND

　　　This case arises from the August 29, 2010, injuries the plaintiff sustained after she was "ejected" from the back door of a patrol car while Stanton County, Nebraska, Sheriff Michael Unger (Sheriff Unger) was driving between 50 and 60 miles per hour. **See** Filing No. 8 - Amended Complaint. In the Amended Complaint, the plaintiff alleges the following facts. On August 29, 2010, the Stanton County Sheriff's Office (SCSO) received a report people were trespassing in or around an abandoned farm house. *Id.* ¶ 8. Sheriff Unger, who was dressed in plain clothes without a badge, but driving a patrol car, responded to the report and found the plaintiff walking down a gravel road. *Id.* ¶¶ 9-12. Sheriff Unger informed the plaintiff she was under arrest, handcuffed her, and placed her in the back seat of the patrol vehicle. *Id.* ¶¶ 13-15. While Sheriff Unger drove the patrol vehicle on Highway 57 at a speed between 50 and 60 miles per hour

---

[1] The Civil Rules of the United States District Court for the District of Nebraska Rule 7.1 prohibits the filing of a "resistance," providing only for a brief filed in response to another party's motion. NECivR 7.1(b)(1)(A).

transporting the plaintiff to the SCSO, "the back door of the patrol car opened and Plaintiff was ejected." *Id.* ¶¶ 16-17. The plaintiff suffered significant injuries. *Id.* ¶ 18. Based on these allegations, the plaintiff alleges the defendants violated her civil rights under 42 U.S.C. § 1983.[2] *Id.* Specifically, the plaintiff alleges, in Count I, Stanton County had an unlawful policy, custom, or habit of failing to engage the rear door locking mechanisms while transporting an arrestee and acting with deliberate indifference to the safety of the arrestee. *Id.* at 4-5. The plaintiff also alleges, in Count II, her injury was caused by the defendants' negligence. *Id.* at 6. Finally, the plaintiff alleges, in Count VI, Stanton County negligently trained and supervised Sheriff Unger, causing the plaintiff's injuries. *Id.* at 9-10.

The defendants now seek an order requiring the plaintiff to admit Request for Admission Nos. 1, 2, and 3, or serve amended answers to the requests. **See** Filing No. 36 - Brief p. 9. The requests for admission are as follows:

> Request for Admission No. 1: Admit that attached hereto as Exhibit 1 is a genuine copy of the original Complaint filed with the United States District Court on July 31, 2012, including attachments "Exhibits A and B."
>
> Request for Admission No. 2: Admit that the attached Complaint, including attached "Exhibits A and B" contained factual allegations in "Exhibit A" that your attorney Daniel B. Shuck represented to the Defendant County and its representatives as being true.
>
> Request for Admission No. 3: Admit that prior to your attorney Daniel B. Shuck's letter of June 3, 2011, to the Defendant County and its representatives, he, on your behalf, investigated matters contained within "Exhibit A" by reviewing reports of the underlying incident, including Defendant Unger's testimony given in your criminal case by him on December 2, 2011 in the County Court of Stanton County in case No. CR10-125 State v. Ashley Titus.

**See** Filing No. 35 Ex. 1 - Plaintiff's Objections and Responses to Defendants' First Request for Admissions. Exhibit A to the July 31, 2012, Complaint is a June 3, 2011, "Notice of Claim Pursuant to Neb. Rev. Stat. § 13-910." **See** Filing No. 1 - Ex. A.

---

[2] On April 22, 2013, the court dismissed the plaintiff's claims for false arrest and false imprisonment (Count III), deliberate indifference in failing to provide necessary medical care (Count IV), and excessive force (Count V). **See** Filing No. 20.

2

Exhibit A contains a factual recitation, which had been incorporated, in part, into the July 31, 2012, Complaint. **See** Filing No. 1 - Complaint. Exhibit A and the Amended Complaint are based on the same facts, however Exhibit A's factual recitation contains a greater number of details such as whether Sheriff Unger noticed the patrol car door had come open and manually locked it while the car was parked. **Compare** Filing No. 8 - Amended Complaint **with** Filing No. 1 - Ex. A and Filing No. 1 - Complaint.

The plaintiff responded to each request without admitting or denying the request. **See** Filing No. 35 Ex. 1 - Plaintiff's Objections and Responses to Defendants' First Request for Admissions. The plaintiff responded to Request for Admission Nos. 1 and 2 by stating,

> OBJECTION: Plaintiff cannot admit, or deny, this Request for Admission. It is well-established law that an amended complaint supersedes the previous complaint, and deprives the prior complaint of any legal effect. ***In re Atlas Van Lines, Inc.***, 209 F.3d 1064, 1067 (8th Cir. 2000), **citing *Washer v. Bullitt County***, 110 U.S. 558, 562, 4 S. Ct. 249, 28 L. Ed. 249 (1884). Therefore, it is inappropriate for Defendants to ask Plaintiff to admit to any information contained in a Complaint which has been rendered moot.

*Id.*

The plaintiff responded to Request for Admission No. 3 by stating, "Plaintiff cannot admit, or deny, this Request for Admission. Defendant is asking Plaintiff to admit, or deny, information that would be considered the work product of Plaintiff's attorney, and protected by attorney-client privilege." *Id.*

## ANALYSIS

Federal Rule of Civil Procedure 36(a) provides:

> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made

>reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
>(5) Objections.  The grounds for objecting to a request must be stated.  A party must not object solely on the ground that the request presents a genuine issue for trial.

Fed. R. Civ. P. 36(a)(4)-(5).  "Rule 36 provides that a party, within the permissible scope of discovery under the rules of civil procedure, may serve on any other party a written request to admit the truth of any matters relating to, *inter alia,* facts or the application of law to fact."  ***Quasius v. Schwan Food Co.***, 596 F.3d 947, 950 (8th Cir. 2010).  "The quintessential function of Requests for Admissions is to allow the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute."  ***Xcel Energy, Inc. v. United States***, 237 F.R.D. 416, 420-21 (D. Minn. 2006); **see also** Fed. R. Civ. P. 36 advisory committee's note (1970 amend.) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time.  Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.").  "The purpose of a request for admissions generally is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."  ***Layne Christensen Co. v. Purolite Co.***, No. 09-2381, 2011 WL 381611, at *4 (D. Kan. Jan. 25, 2011).

"The court has substantial discretion to determine the propriety of such requests and the sufficiency of responses."  **See** ***Audiotext Comms. Network, Inc. v. US Telecom, Inc.***, No. 94-2395, 1995 WL 625744, at *1 (D. Kan. Oct. 5, 1995).  If the courts determine "an answer does not comply with the requirements of Rule 36, they can order either that the matter is admitted or require the responding party to serve an amended answer."  ***O'Connor v. AM Gen. Corp.***, No. 85-6679, 1992 WL 382366, at *2 (E.D. Pa. Dec. 7, 1992); **see also** Fed. R. Civ. P. 36(a)(6) ("On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.").  "The conclusive effect envisioned by the rule may not be appropriate where requests for admissions or the responses to them are subject to more than one interpretation."  ***Rolscreen Co. v. Pella Prods. of St. Louis,***

4

*Inc.*, 64 F.3d 1202, 1210 (8th Cir. 1994). "When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections." ***Audiotext***, 1995 WL 625744, at *2. "The requesting party bears the burden of setting forth in necessary, but succinct, detail, the facts, events or communications to which admission is sought. . . ." *Id.* "[A] requesting party should not state 'half of [a] fact' or 'half truths' which require the answering party to qualify responses." ***Havenfield Corp. v. H & R Block, Inc.***, 67 F.R.D. 93, 96-97 (W.D. Mo. 1973) (citations omitted). Further, "[r]egardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." *Id.* at 96.

The plaintiff responded to Request for Admission Nos. 1-3 by stating she could not admit or deny each request. **See** Filing No. 35 Ex. 1 - Plaintiff's Objections and Responses to Defendants' First Request for Admissions. The plaintiff argues "it is inappropriate for Defendants to ask Plaintiff to admit to any information contained in a Complaint which has been rendered moot." *Id.*; **see** Filing No. 39 - Brief p.

The defendants argue the plaintiff attempted to "sanitize" her complaint by amending it to take out facts which may detract from her claim based on deliberate indifference to her safety and bolster Sheriff Unger's assertion he is entitled to qualified immunity. **See** Filing No. 36 - Brief p. 6. The defendants contend the plaintiff's Notice of Claim (Exhibit A) and the July 31, 2012, Complaint should be considered "ordinary evidentiary" admissions against her at some later point in this litigation. *Id.* at 6-7; Filing No. 42 - Reply p. 2. The issue of whether the defendant may later use the ***content*** of the July 31, 2012, Complaint and its attachments against the plaintiff is not before the court at this time.

The plaintiff's objections to the requests are insufficient to preclude supplemental responses. Request for Admission No. 1 does not seek admission of any facts contained in the document or attachments, it merely seeks the admission that the document is, in fact, the document, with attachments, filed by the plaintiff. Similarly, Request for Admission No. 2 seeks an admission the July 31, 2012, Complaint and its attachments "contained factual allegations" that the plaintiff's attorney represented to

5

the defendant were true.  The plaintiff's only objection to the requests is related to the legal effect of filing an amended complaint.  There is no dispute an amended pleading "supersedes the original pleading in all respects."  **See** NECivR 15.1.  The document, however, may have legal significance other than being an operative pleading in the case.  **See** ***Sunkyong Int'l, Inc. v. Anderson Land & Livestock Co.***, 828 F.2d 1245, 1249 n.3 (8th Cir. 1987) ("A pleading abandoned or superseded through amendment no longer serves any function in the case, but may be introduced into evidence as the admission of a party.").  Moreover, the Eighth Circuit has "recognized that documents attached to a superseded original complaint are part of the record before the district court."  **See** ***Warner Bros. Entm't, Inc. v. X One X Prods.***, 644 F.3d 584, 592 n.3 (8th Cir. 2011).  The plaintiff's objection does not provide a legal basis shielding the plaintiff from admitting or denying Request for Admission Nos. 1 and 2.

The plaintiff does not address her objection to Request for Admission No. 3.  ***See, e.g.***, Filing No. 39 - Response p. 5.  In any event, the court finds the plaintiff fails to show how a response to Request for Admission No. 3 would be considered the work product of plaintiff's attorney or protected by attorney-client privilege.

**IT IS ORDERED**:

The defendants' Motion to Determine Plaintiff's Objections to Defendants' First Request for Admissions for Sufficiency (Filing No. 34) is granted.  On or before **September 9, 2013**, the plaintiff shall serve amended responses to Request for Admission Nos. 1-3 and file a certificate of service as required by NECivR 36.1.

Dated this 27th day of August, 2013.

BY THE COURT:

s/ Thomas D. Thalken  
United States Magistrate Judge

6